In an action to foreclose a mortgage, the defendant 1733 51st Development, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated July 25, 2011, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs.
The Supreme Court properly determined that the appellant waived the defense of lack of standing by failing to raise that defense either in its answer or in a pre-answer motion to dismiss the complaint (see JPMorgan Chase Bank, N.A. v Bauer, 92 *574 AD3d 641, 642 [2012]; CitiMortgage, Inc. v Rosenthal, 88 AD3d 759, 761 [2011]). In any event, the court also correctly rejected, on the merits, the appellant’s challenge to the plaintiffs standing to maintain this action. “In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced” (Bank of N.Y. v Silverberg, 86 AD3d 274, 279 [2011]; see US Bank N.A. v Cange, 96 AD3d 825, 826 [2012]; US. Bank N.A. v Dellarmo, 94 AD3d 746, 748 [2012]). Here, in opposition to the appellant’s prima facie showing on the motion, the plaintiff demonstrated that at the time it commenced this action, it was the holder of the mortgage and two slightly different versions of the note, both versions of which were indorsed in blank. Since the plaintiff agreed to proceed on the version of the note which the appellant concedes was validly signed and was not altered, the Supreme Court properly denied the appellant’s motion for summary judgment dismissing the complaint insofar as asserted against it.
The appellant’s remaining contentions either were not raised in the Supreme Court and, thus, are not properly before this Court, or need not be reached in view of the foregoing. Mastro, J.E, Balkin, Hall and Austin, JJ., concur.