Wells Fargo Bank, N.A. v Dupass (2020 NY Slip Op 01111)





Wells Fargo Bank, N.A. v Dupass


2020 NY Slip Op 01111


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-01678
 (Index No. 709325/15)

[*1]Wells Fargo Bank, N.A., appellant, 
v
Jahiz N. Dupass, respondent, et al., defendants.


Reed Smith LLP, New York, NY (David G. Murphy, Andrew B. Messite, and Diane A. Bettino of counsel), for appellant.
Queens Legal Services, Jamaica, NY (Christopher R. Newton of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered January 3, 2017. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jahiz N. Dupass and to appoint a referee to compute the amount due to the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jahiz N. Dupass and to appoint a referee to compute the amount due to the plaintiff are granted.
In October 2010, the defendant Jahiz N. Dupass (hereinafter the defendant) executed a consolidated note in the sum of $338,720 in favor of the plaintiff, which was secured by a consolidated mortgage on certain real property located in Queens. The defendant also executed a consolidation, extension, and modification agreement (hereinafter CEMA), pursuant to which notes dated March 29, 2007, and October 29, 2010, respectively, both in favor of the plaintiff, were consolidated into a single lien. In September 2015, the plaintiff commenced this action against the defendant, among others, to foreclose the consolidated mortgage. The defendant interposed an answer asserting, among other things, the affirmative defense that the plaintiff lacked standing. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and to appoint a referee to compute the amount due to the plaintiff. The defendant opposed the motion. In the order appealed from, the Supreme Court denied the plaintiff's motion, finding that the plaintiff failed to eliminate all triable issue of fact as to whether it was in possession of the consolidated note at the time the action was commenced. The plaintiff appeals.
Generally, in an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the unpaid note, and evidence of default (see U.S. Bank N.A. v Seeley, 177 AD3d 933, 934; HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055, 1056). However, where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, the plaintiff must also prove its standing as part of its prima facie showing (see U.S. Bank N.A. v Greenberg, 168 AD3d 893, 894; HSBC Bank USA, N.A. v Oscar, 161 AD3d at 1056; Bank of Am. N.A. v Masri, 158 AD3d 660, 661). "A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, [*2]either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint" (HSBC Bank USA, N.A. v Oscar, 161 AD3d at 1056 [internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Escobar, 177 AD3d 721, 722).
Here, contrary to the Supreme Court's determination, the plaintiff established, prima facie, that it had standing to commence this action by demonstrating that it was the originator of the loan and that it had possession of the consolidated note at the time the action was commenced (see U.S. Bank Trust, N.A. v Porter, 175 AD3d 530, 532; U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953-954; Bank of Am., N.A. v Tobing, 163 AD3d 518, 519; Emigrant Mtge. Co., Inc. v Persad, 117 AD3d 676, 677; Citimortgage, Inc. v Friedman, 109 AD3d 573, 574). In particular, a copy of the consolidated note, endorsed in blank, was attached to the certificate of merit filed with the summons and complaint. Also attached as an exhibit to the complaint was the CEMA, which had an unendorsed copy of the consolidated note bearing the defendant's signature appended to it. In support of its motion, the plaintiff submitted, among other things, an affidavit and supplemental affidavit of its vice-president, which demonstrated that the defendant had executed both the endorsed copy of the consolidated note and the unendorsed copy of the consolidated note, and that the unendorsed copy of the consolidated note was then appended to the CEMA, which, in turn, was recorded in the Office of the City Register of the City of New York. In opposition, the defendant failed to raise a triable issue of fact as to the plaintiff's standing. The defendant's bald assertion of forgery in his affidavit in opposition was inadequate to raise a triable issue of fact (see HSBC Bank USA, N.A. v Armijos, 151 AD3d 943, 944; HSBC Bank, USA v Hagerman, 130 AD3d 683, 684). Furthermore, his attempt to question the validity of the endorsed consolidated note by pointing to the unendorsed consolidated note appended to the CEMA did not provide a sufficient basis to deny the plaintiff's motion (see Wells Fargo Bank, N.A. v Ballard, 172 AD3d 1440, 1442).
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and to appoint a referee to compute the amount due to the plaintiff.
DILLON, J.P., COHEN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court