HSBC Bank USA, Natl. Assn. v Bhatti (2020 NY Slip Op 04734)





HSBC Bank USA, Natl. Assn. v Bhatti


2020 NY Slip Op 04734


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-01585
 (Index No. 21162/13)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Sadaf J. Bhatti, appellant, et al., defendants.


Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
Reed Smith LLP, New York, NY (Zalika T. Pierre and Andrew B. Messite of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sadaf J. Bhatti appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Robert J. McDonald, J.), entered December 15, 2017. The order and judgment of foreclosure and sale, upon an order of the same court entered February 17, 2016, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Sadaf J. Bhatti, to strike his answer, and for an order of reference, and upon an order of the same court entered April 18, 2017, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, among other things, confirmed the referee's report and directed the sale of the subject premises.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Sadaf J. Bhatti, to strike his answer, and for an order of reference are denied, the order entered February 17, 2016, is modified accordingly, and the order entered April 18, 2017, is vacated.
The plaintiff commenced the instant action to foreclose a mortgage against the defendant Sadaf J. Bhatti, among others, on November 18, 2013. On September 21, 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Bhatti, to strike his answer, and for an order of reference. In support, the plaintiff submitted the affidavit of Armenia L. Harrell, the vice president of loan documentation for Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the plaintiff's loan servicer, as well as the affidavit of James Green, another employee of Wells Fargo.
By order entered February 17, 2016, the Supreme Court, among other things, granted those branches of the plaintiff's motion. By order entered April 18, 2017, the court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. By order and judgment of foreclosure and sale (one paper) entered December 15, 2017, the court, inter alia, confirmed the referee's report and directed the sale of the subject premises. Bhatti appeals.
Bhatti previously filed a notice of appeal from the order entered April 18, 2017. However, he failed to perfect the appeal within six months of the date of the notice of appeal (see former 22 NYCRR 670.8[e]). Therefore, the prior appeal was deemed abandoned and dismissed in accordance with the rules of this Court (see 22 NYCRR 1250.10). Generally, "we do not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although this Court has the inherent jurisdiction to do so" (Amaral v Smithtown News, Inc., 172 AD3d 1287, 1289; see Bray v Cox, 38 NY2d 350). However, this Court has the discretion to permit review in the interest of justice and the authority to entertain a second appeal in the exercise of its discretion, even where a prior appeal on the same issue has been dismissed for failure to prosecute (see Faricelli v TSS Seedman's, 94 NY2d 772; Amaral v Smithtown News, Inc., 172 AD3d at 1289). Under the circumstances of this case, we exercise that discretion.
"In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default" (Zarabi v Movahedian, 136 AD3d 895, 895; see Bank of N.Y. Mellon v Aquino, 131 AD3d 1186).
We do not agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Bhatti, to strike his answer, and for an order of reference, inasmuch as the plaintiff failed to submit evidence in admissible form to establish Bhatti's default. In Harrell's affidavit, she averred that she was familiar with Wells Fargo's business records and recordkeeping practices and that "[t]here is in fact a default under the terms and conditions of the Promissory Note and Mortgage, because the January 1, 2010, and subsequent payments were not made." However, she also stated that the plaintiff took possession of the note on February 21, 2012. Harrell failed to establish that Wells Fargo was servicing the subject loan at the time of Bhatti's alleged default, and that she was personally familiar with the recordkeeping practices and procedures of the plaintiff and/or the loan servicer at that time. Therefore, the plaintiff failed to establish a proper foundation for the admission of the records relied upon to establish Bhatti's default under the business records exception to the hearsay rule (see CPLR 4518[a]; Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 620; Citibank, N.A. v Cabrera, 130 AD3d 861).
Moreover, contrary to the plaintiff's contentions, it failed to show its " strict
compliance with RPAPL 1304'" (HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 669, quoting Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . ., including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826; Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21 [internal quotation marks omitted]; see Bank of Am., N.A. v Bittle, 168 AD3d 656, 658).
Here, the Harrell and Green affidavits were insufficient to establish that the plaintiff mailed the 90-day pre-foreclosure notice required by RPAPL 1304, "as the representative[s] did not provide evidence of a standard office mailing procedure and provided no independent evidence of [*2]the actual mailing" (U.S. Bank N.A. v Cope, 175 AD3d 527, 530 [emphasis omitted]; see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21).
Moreover, the Harrell and Green affidavits were also insufficient to establish that a notice of default was in fact mailed to Bhatti by first-class mail, or actually delivered to the designated address if sent by other means, which was required by the terms of the mortgage (see Bank of Am., N.A. v Kljajic, 168 AD3d 659, 661; U.S. Bank N.A. v Sabloff, 153 AD3d 879).
Bhatti's remaining contentions have been rendered academic in light of the foregoing.
Accordingly, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Bhatti, to strike his answer, and for an order of reference, should have been denied.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court