Citimortgage, Inc. v Laupot (2021 NY Slip Op 00146)





Citimortgage, Inc. v Laupot


2021 NY Slip Op 00146


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-13302 
2019-07036
 (Index No. 17383/10)

[*1]Citimortgage, Inc., respondent, 
v
Katherine Laupot, appellant, et al., defendants.


Tarbet & Lester, PLLC, East Hampton, NY (Rudolph Fusco of counsel), for appellant.
Akerman LLP, New York, NY (Jordan M. Smith and S. Sherry Xia of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Katherine Laupot appeals from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), entered September 18, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered April 2, 2019. The order entered September 18, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and for an order of reference. The order and judgment of foreclosure and sale, upon the order entered September 18, 2017, inter alia, granted the plaintiff's motion to confirm the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order entered September 18, 2017, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in this action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
On or about May 7, 2010, the plaintiff commenced this action against the defendant Katherine Laupot (hereinaftere the defendant), among others, to foreclose a mortgage on residential property located in Suffolk County. The defendant interposed an answer, raising the affirmative defense of lack of standing. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant in February 2014, and again in March 2016; both motions [*2]were denied. In July 2017, the plaintiff moved a third time, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. In an order entered September 18, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. Subsequently, in an order and judgment of foreclosure and sale entered April 2, 2019, the court, inter alia, granted the plaintiff's motion to confirm the referee's report and directed the sale of the subject property. The defendant appeals.
The defendant's contention that the Supreme Court should not have entertained the plaintiff's third motion for summary judgment, raised for the first time on appeal, is not properly before this Court (see Bank of America, N.A. v Terry, 177 AD3d 669).
"Where, as here, the plaintiff's standing is placed in issue by the defendant's answer, a plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment" (Deutsche Bank Nat. Trust Co. v Idarecis, 133 AD3d 702, 703; see HSBC Bank USA, N.A. v Campbell-Antoine, 179 AD3d 1043, 1044). "A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced" (U.S. Bank N.A. v McEntee, 176 AD3d 1136, 1137). "'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident'" (HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 668, quoting U.S. Bank N.A. v Collymore, 68 AD3d 752, 754).
Here, the plaintiff established, prima facie, its standing to commence the action through the affidavit of its employee, Lorissa Russelburg, assistant vice president-assistant officer legal support. Russelburg attested that she was familiar with the plaintiff's business records, that the records were kept in the ordinary course of business, and that she had personal knowledge of the plaintiff's record-keeping practices. Through Russelburg's review of the records, which were annexed to her affidavit, she was able to confirm that the original consolidated note dated August 18, 2006, was physically transferred to the plaintiff on October 5, 2006, and had been in the plaintiff's possession since that date, which was prior to the commencement of this action.
In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact. Contrary to the defendant's contention, under the circumstances of this case, the fact that the plaintiff was in possession of copies of the consolidated note that contained certain differences, did not provide a sufficient basis to deny the plaintiff's motion (see Wells Fargo Bank, N.A. v Dupass, 180 AD3d 846, 848). The defendant does not dispute that her attorney-in-fact signed the notes, including the one under which the plaintiff wished to proceed, nor does she claim there were any differences in the terms of the notes (see Citimortgage, Inc. v Friedman, 109 AD3d 573).
The defendant's remaining contention is without merit.
MASTRO, A.P.J., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court