Wilmington Sav. Fund Socy. v Theagene (2022 NY Slip Op 00465)





Wilmington Sav. Fund Socy. v Theagene


2022 NY Slip Op 00465


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-03145
 (Index No. 506611/15)

[*1]Wilmington Savings Fund Society, etc., appellant,
v
Charlemagne Theagene, et al., respondents, et al., defendants.


Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated December 28, 2017. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Charlemagne Theagene and Elda Theagene and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Charlemagne Theagene and Elda Theagene and for an order of reference are granted.
In March 2006, the defendants Charlemagne Theagene (hereinafter Charlemagne) and Elda Theagene (hereinafter Elda and, together with Charlemagne, the defendants) executed a consolidated note and consolidation, extension, and modification agreement (hereinafter CEMA) memorializing a consolidated loan in the amount of $460,000, secured by a mortgage on real property in Brooklyn. The defendants allegedly defaulted under the terms of the loan by failing to make the payments of principal and interest due on September 1, 2009, and thereafter.
In May 2015, the plaintiff commenced this mortgage foreclosure action against the defendants, among others. Charlemagne served an answer generally denying the allegations in the complaint and asserting various affirmative defenses, including lack of standing. The plaintiff then moved, inter alia, for summary judgment on the complaint insofar as asserted against Charlemagne, for leave to enter a default judgment against Elda, and for an order of reference.
The defendants opposed the plaintiff's motion and cross-moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, or, in the alternative, pursuant to CPLR 5015(a) to vacate Elda's default in answering the complaint and for leave permitting her to serve and file a late answer. By order dated February 1, 2017, the Supreme Court denied the plaintiff's motion, holding that it failed to demonstrate strict compliance with [*2]RPAPL 1304. The court, inter alia, also denied that branch of the defendants' cross motion which was to dismiss the complaint insofar as asserted against them, but granted that branch of the cross motion which was for leave permitting Elda to serve and file a late answer.
The plaintiff subsequently filed a successive motion, among other things, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the motion. In an order dated December 28, 2017, the Supreme Court, inter alia, denied the plaintiff's motion. The plaintiff appeals.
In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must produce the mortgage, the unpaid note, and evidence of the default (see HSBC Bank USA, N.A. v Bhatti, 186 AD3d 817, 819; Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 619). Additionally, where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing (see Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932). A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828)
Here, the plaintiff established, prima facie, its standing to commence this action by attaching to the complaint a copy of the consolidated note with allonges containing specific endorsements from the original lender to DLJ Mortgage Capital, Inc., and from DLJ Mortgage Capital, Inc., to the plaintiff (see Wells Fargo Bank, N.A. v Tricario, 180 AD3d 848, 850).
Additionally, the plaintiff demonstrated, prima facie, its strict compliance with RPAPL 1304 by submitting copies of the notices with tracking numbers and signed return receipts, and the affidavit of a Selene employee, who attested to Selene's standard office mailing procedure and averred that the RPAPL 1304 notices were mailed in this case, by both certified and first-class mail, in accordance with said procedures (see Wells Fargo Bank, N.A. v Pinnock, 197 AD3d 680).
In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact. Contrary to the Supreme Court's determination, under the circumstances of this case, the fact that the plaintiff submitted a copy of the consolidated note that contained slightly different signatures of the defendants than the copy appended to the CEMA, did not provide a sufficient basis to deny the plaintiff's motion (see Citimortgage, Inc. v Laupot, 190 AD3d 680, 682; Wells Fargo Bank, N.A. v Dupass, 180 AD3d 846, 848). The defendants do not dispute that they signed the consolidated notes, including the one under which the plaintiff wished to proceed, nor do they claim that there were any differences in the terms of the notes (see Citimortgage, Inc. v Laupot, 190 AD3d at 682, citing Citimortgage, Inc. v Friedman, 109 AD3d 573). Furthermore, the defendants' mere denial of receipt of the RPAPL 1304 notices was insufficient to raise a triable issue of fact warranting denial of the motion (see U.S. Bank N.A. v Panzer, 189 AD3d 1109).
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
CHAMBERS, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court