US Bank, N.A. v Rufai (2022 NY Slip Op 00689)





US Bank, N.A. v Rufai


2022 NY Slip Op 00689


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-09119 
2021-07347
 (Index No. 503008/15)

[*1]US Bank, National Association, etc., respondent,
v
Alaba Rufai, appellant, et al., defendants.


Alaba Rufai, Jamaica, NY, appellant pro se.
Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Alaba Rufai appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated February 5, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Alaba Rufai, to strike his answer and dismiss his counterclaims, and for an order of reference, and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In December 2006, the defendant Alaba Rufai (hereinafter the defendant) borrowed the sum of $335,808 from a predecessor in interest of the plaintiff. The loan was evidenced by a note and secured by a mortgage encumbering certain property located in Brooklyn. The defendant allegedly defaulted on the loan by failing to make the payment due on August 1, 2007.
On February 27, 2008, Homecomings Financial Network, Inc., commenced an action to foreclose the mortgage against the defendant, among others. In an order dated July 17, 2009, the Supreme Court denied an ex parte motion for leave to enter a default judgment and for an order of reference, and directed dismissal of the complaint for lack of standing. On February 4, 2010, Residential Funding Company, LLC (hereinafter Residential), commenced a second action to foreclose the mortgage (hereinafter the 2010 action). In August 2013, Residential voluntarily discontinued the 2010 action. On January 14, 2014, the plaintiff commenced a third action to foreclose the mortgage (hereinafter the 2014 action). The defendant moved to dismiss the complaint in the 2014 action insofar as asserted against him for lack of standing, and the plaintiff opposed the motion. In an order dated September 12, 2014, the court granted the defendant's motion.
Thereafter, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. The defendant interposed an answer asserting various affirmative [*2]defenses, including lack of standing and the statute of limitations, and counterclaims seeking, among other things, to cancel and discharge of record the mortgage.
In June 2015, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on the grounds, inter alia, of lack of personal jurisdiction, the statute of limitations, collateral estoppel, and lack of standing. The Supreme Court directed a hearing to determine the validity of service of process. After the hearing, the plaintiff moved pursuant to CPLR 306-b for an extension of time to serve the defendant, and in an order dated May 13, 2016, the court granted the plaintiff's motion. Thereafter, in an order dated October 26, 2016, the court denied the defendant's motion to dismiss.
In August 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and dismiss his counterclaims, and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him on the same grounds as those asserted in his June 2015 motion to dismiss. In an order dated February 5, 2018, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied the defendant's cross motion. In a second order dated February 5, 2018, the court, inter alia, granted those branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must produce the mortgage, the unpaid note, and evidence of the default (see HSBC Bank USA, N.A. v Bhatti, 186 AD3d 817, 819; Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 619). Additionally, where, as here, the plaintiff's standing has been placed in issue by a defendant's answer, the plaintiff must prove its standing as part of its prima facie showing (see Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932). A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828).
Here, the evidence submitted by the plaintiff established that the defendant defaulted in payment and that the prior loan servicer had physical possession of the original endorsed note, as the plaintiff's attorney-in-fact, prior to the commencement of the action.
In opposition, the defendant failed to raise a triable issue of fact. The defendant waived any defense based upon the plaintiff's failure to comply with the condition precedent set forth in the mortgage requiring the provision of a notice of default, since he did not raise that defense in his answer or in any motion for leave to amend his answer (see CPLR 3015[a]; Caliber Home Loans, Inc. v Squaw, 190 AD3d 926; JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718, 720-721). Furthermore, contrary to the defendant's contention, the plaintiff was not collaterally estopped from asserting that it had standing based upon the Supreme Court's ruling on the issue in a prior action (see PNMAC Mtge. Co., LLC v Friedman, 189 AD3d 1289).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and dismiss his counterclaims, and for an order of reference, and properly denied the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him.
DUFFY, J.P., IANNACCI, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court