Bayview Loan Servicing, LLC v Caracappa (2022 NY Slip Op 00997)





Bayview Loan Servicing, LLC v Caracappa


2022 NY Slip Op 00997


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
WILLIAM G. FORD, JJ.


2019-02653
 (Index No. 1958/16)

[*1]Bayview Loan Servicing, LLC, respondent,
v
Kathleen M. Caracappa, appellant, et al., defendant.


Steven A. Kimmel, Washingtonville, NY, for appellant.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kathleen M. Caracappa appeals from a judgment of foreclosure and sale of the Supreme Court, Orange County (Catherine M. Bartlett, J.), entered January 2, 2019. The judgment of foreclosure and sale, upon an order of the same court dated July 9, 2018, inter alia, denying the motion of the defendant Kathleen M. Caracappa for summary judgment dismissing the complaint insofar as asserted against her and granting those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against that defendant, to dismiss her affirmative defenses and counterclaims, and for an order of reference, and upon an order of the same court dated August 15, 2018, among other things, appointing a referee to compute the amount due to the plaintiff, inter alia, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
In March 2016, the plaintiff commenced this action against the defendant Kathleen M. Caracappa (hereinafter the defendant), and another individual, to foreclose a mortgage on real property located in Harriman. The defendant interposed an answer in which she asserted various affirmative defenses, including that the plaintiff lacked standing and failed to comply with RPAPL 1303, and counterclaims.
In March 2018, the defendant moved for summary judgment dismissing the complaint insofar as asserted against her contending, among other things, that the plaintiff failed to comply with RPAPL 1303. The plaintiff cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to dismiss her affirmative defenses and counterclaims, and for an order of reference. In an order dated July 9, 2018, the Supreme Court, among other things, denied the defendant's motion and granted those branches of the plaintiff's cross motion. In an order dated August 15, 2018, the court, inter alia, appointed a referee to compute the amount due to the plaintiff. In a judgment of foreclosure and sale entered January 2, 2019, the court, among other things, directed the sale of the subject property. The defendant appeals.
A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan [*2]Servs., LLC v Taylor, 25 NY3d 355, 361-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828). "[A]n assignment of a note and mortgage need not be in writing and can be effectuated by physical delivery" (Bank of N.Y. v Silverberg, 86 AD3d 274, 280; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362). Here, the plaintiff demonstrated that it had standing to commence the instant action by attaching a copy of the note, with an allonge endorsing the note in blank, to the complaint (see U.S. Bank, N.A. v Zientek, 192 AD3d 1189, 1190; Deutsche Bank Natl. Trust Co. v Karibandi, 188 AD3d 650, 652). In opposition, the defendant failed to raise a triable issue of fact.
The plaintiff also established, prima facie, that it complied with the provisions of RPAPL 1303 (see Citimortgage, Inc. v Goldberg, 197 AD3d 616; Nationstar Mtge., LLC v Kamil, 155 AD3d 968, 968; Eastern Sav. Bank, FSB v Tromba, 148 AD3d 675, 676). In opposition, the defendant's bare, conclusory, and unsubstantiated allegations that the plaintiff failed to comply with the requirements of RPAPL 1303 were insufficient to raise a triable issue of fact. For the same reasons, the defendant failed to establish her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her based upon the plaintiff's alleged failure to comply with the requirements of RPAPL 1303 (see LNV Corp. v Sofer, 171 AD3d 1033, 1036).
The defendant's remaining contentions are without merit.
IANNACCI, J.P., CHAMBERS, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court