Deutsche Bank Natl. Trust Co. v Szabo (2023 NY Slip Op 03335)

Deutsche Bank Natl. Trust Co. v Szabo

2023 NY Slip Op 03335

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-07479 
2020-07481
 (Index No. 1752/08)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Christopher Szabo, et al., defendants, Gustavia Homes, LLC, appellant.

Hasbani & Light, P.C., New York, NY (Seth D. Weinberg of counsel), for appellant.
Greenberg Traurig, LLP, New York, NY (Ryan Sirianni of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Gustavia Homes, LLC, appeals from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated February 24, 2020, and (2) an order and judgment of foreclosure and sale (one paper) of the same court also dated February 24, 2020. The order granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
This is an action to foreclose a consolidated mortgage given by the defendants Christopher Szabo and Toni Ann Szabo as security for a consolidated note. After the Supreme Court granted the motion of the plaintiff's predecessor in interest, inter alia, for leave to enter a default judgment and for an order of reference, the referee issued a report of the amount due to the plaintiff. The plaintiff then moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant Gustavia Homes, LLC (hereinafter Gustavia), a subordinate mortgagee, opposed the motion. In an order dated February 24, 2020, the court granted the plaintiff's motion. In an order and judgment of foreclosure and sale also dated February 24, 2020, the court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. Gustavia [*2]appeals.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Wells Fargo Bank, N.A. v Yesmin, 186 AD3d 1761, 1762 [internal quotation marks omitted]). Here, the plaintiff submitted, inter alia, an affidavit from a vice president of its loan servicer to the referee for the purpose of establishing the amount due on the consolidated mortgage loan. Contrary to Gustavia's contention, the affiant laid a proper foundation for the admission of the business records on which she relied, including "prior servicer records," which, the affiant stated, were "needed and relied upon in the performance of functions of the business" (see U.S. Bank Trust, N.A. v Bank of Am., N.A., 201 AD3d 769, 771-772; Bank of Am., N.A. v Huertas, 195 AD3d 891, 892-893).
Gustavia's remaining contention is without merit.
Accordingly, the Supreme Court properly granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale.
DILLON, J.P., BARROS, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court