U.S. Bank N.A. v Haber (2024 NY Slip Op 04158)

U.S. Bank N.A. v Haber

2024 NY Slip Op 04158

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-08553
2022-08742
 (Index No. 4487/07)

[*1]U.S. Bank National Association, etc., respondent,
v
Laura Haber, etc., appellant, et al., defendant.

Haber & Haber, LLP, Garden City, NY (Stephen D. Haber of counsel), for appellant.
Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Laura Haber appeals from two orders of the Supreme Court, Nassau County (David P. Sullivan, J.), both dated September 28, 2022. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Laura Haber, to strike so much of the affirmative defenses as was asserted on behalf of that defendant, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
On June 8, 2005, Laura Haber and Michael Haber (hereinafter together the Habers) executed a note in favor of nonparty WMC Mortgage Corp. (hereinafter WMC) in the sum of $413,250, which was secured by a mortgage on certain property located in Levittown. In March 2007, the plaintiff, WMC's alleged successor in interest, commenced this action against the Habers, among others, to foreclose the mortgage. The Habers interposed an answer asserting various affirmative defenses, including that the plaintiff lacked standing.
In an order entered November 23, 2016, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference. In a decision and order dated March 6, 2019, this Court determined that the Supreme Court improperly granted those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference, as the plaintiff failed to submit sufficient evidence to demonstrate that it had standing to commence the action (see U.S. Bank N.A. v Haber, 170 AD3d 775, 776).
In December 2021, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Laura Haber, to strike so much of the affirmative defenses as was asserted on behalf of that defendant, and for an order of reference. In an order dated September 28, 2022, the Supreme Court, among other things, granted those branches of the plaintiff's motion. [*2]In a second order, also dated September 28, 2022, the court, inter alia, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. Laura Haber appeals from both orders.
"Although successive motions for summary judgment are disfavored, a subsequent summary judgment motion may be properly entertained when it is substantively valid and the granting of the motion will further the ends of justice and eliminate an unnecessary burden on the resources of the courts" (Graham v City of New York, 136 AD3d 747, 748; see Old Crompond Rd., LLC v County of Westchester, 201 AD3d 806, 808; Aurora Loan Services, LLC v Yogev, 194 AD3d 996, 997). Under the particular circumstances of this case, the Supreme Court providently exercised its discretion in entertaining the plaintiff's successive motion for summary judgment (see Old Crompond Rd., LLC v County of Westchester, 201 AD3d at 808; US Bank N.A. v Weinman, 195 AD3d 976, 977; Aurora Loan Servs., LLC v Yogev, 194 AD3d at 997).
"In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must produce the mortgage, the unpaid note, and evidence of the default" (Wilmington Sav. Fund Socy. v Theagene, 201 AD3d 1015, 1016; see HSBC Bank USA, N.A. v Bhatti, 186 AD3d 817, 819; Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 619). Additionally, "where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing" (Wilmington Sav. Fund Socy. v Theagene, 201 AD3d at 1016; see Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932). A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828; see Wilmington Sav. Fund Socy. v Theagene, 201 AD3d at 1016).
Here, the plaintiff established, prima facie, its standing to commence the action through the affidavit of Shahin Mohammed, an employee of NewRez, LLC, formerly known as New Penn Financial, LLC, doing business as Shell Point Mortgage Servicing (hereinafter Shellpoint), the plaintiff's servicer and attorney-in-fact. Through Mohammed's review of business records, which were annexed to his affidavit, he was able to confirm that the original note was physically transferred to the plaintiff's custodian on September 11, 2005, and had been maintained by the plaintiff's custodian since that date, which was prior to the commencement of this action (see Citimortgage, Inc. v Laupot, 190 AD3d 680, 682; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 974; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 629, affd 25 NY3d 355). Contrary to Laura Haber's contention, Mohammed laid a proper foundation for the admission of the business records on which he relied, including records of the plaintiff's custodian and prior servicers, which he stated were "integrated into Shellpoint's business records and kept and relied upon as a regular business practice and in the ordinary course of business conducted by Shellpoint" (see Deutsche Bank Natl. Tr. Co. v Szabo, 217 AD3d 837, 838; Wilmington Trust, N.A. v Reed, 210 AD3d 731, 732; Bank of Am., N.A. v Huertas, 195 AD3d 891, 893).
In opposition to the plaintiff's prima facie showing, Laura Haber failed to raise a triable issue of fact. Contrary to her contention, "under the circumstances of this case, the fact that the plaintiff was in possession of copies of the . . . note that contained certain differences, did not provide a sufficient basis to deny the plaintiff's motion" (Citimortgage, Inc. v Laupot, 190 AD3d at 682; see Wilmington Sav. Fund Socy. v Theagene, 201 AD3d at 1017; Wells Fargo Bank, N.A. v Dupass, 180 AD3d 846, 848). Laura Haber does not dispute that she signed the notes, including the one under which the plaintiff wished to proceed, nor does she claim there were any differences in the terms of the notes (see Wilmington Sav. Fund Socy. v Theagene, 201 AD3d at 1017; Citimortgage, Inc. v Laupot, 190 AD3d at 682; Citimortgage, Inc. v Friedman, 109 AD3d 573).
Laura Haber's remaining contentions are without merit.
CONNOLLY, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court