**U.S. Bank Trust N.A. v Moughal**

2025 NY Slip Op 32134(U)

June 11, 2025

Supreme Court, Nassau County

Docket Number: Index No. 604694/2024

Judge: Denise L. Sher

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SHORT FORM ORDER

### SUPREME COURT OF THE STATE OF NEW YORK

PRESENT: HON. DENISE L. SHER
Supreme Court Justice

---

U.S. BANK TRUST NATIONAL ASSOCIATION,
AS TRUSTEE OF THE CABANA SERIES IV
TRUST,

TRIAL/IAS PART 27
NASSAU COUNTY

                                        Plaintiff,

- against -

Index No.: 604694/2024
Motion Seq. Nos.: 01, 02
Motion Dates: 03/04/2025
                    04/15/2025

RUBINA MOUGHAL,
PEOPLE OF THE STATE OF NEW YORK O/B/O
INCORPORATED VILLAGE OF GARDEN CITY
JUSTICE COURT, NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE,
LVNV FUNDING LLC, "JOHN DOE" AND
"JANE DOE" SAID NAMES BEING FICTITIOUS,
IT BEING THE INTENTION OF PLAINTIFF
TO DESIGNATE ANY AND ALL OCCUPANTS
OF PREMISES BEING FORECLOSED HEREIN,

**XXX**

                                        Defendants.

---

**The following papers have been read on these motions:**

|  | Papers Numbered |
|---|:---:|
| Notice of Motion (Seq. No. 01), Statement of Material Facts, Affirmations and Exhibits | 1 |
| Notice of Cross-Motion (Seq. No. 02), Affirmations and Exhibits, Counterstatement of Undisputed Material Facts | 2 |
| Affirmations in Opposition to Cross-Motion (Seq. No. 02) and in Further Support of Motion (Seq. No. 01) and Exhibits | 3 |
| Affirmations in Reply to Cross-Motion (Seq. No. 02) | 4 |

[* 1]

Upon the foregoing papers, it is ordered that the motions are decided as follows:

Plaintiff moves (Seq. No. 01), pursuant to CPLR § 3212, for an order granting summary judgment against defendant Rubina Moughal ("Moughal") and striking and dismissing defendant Moughal's affirmative defenses and counterclaims; and moves, pursuant to CPLR § 3215, for an order granting a default judgment against all non-appearing defendants; and moves, pursuant to RPAPL § 1321, for an order appointing a Referee to compute the total sums due and owing to plaintiff; and moves for an order amending the case caption.

Defendant Moughal opposes the motion (Seq. No. 01) and cross-moves (Seq. No. 02), pursuant to CPLR § 3212, for an order granting summary judgment dismissing plaintiff's Verified Complaint on the grounds of plaintiff's lack of standing and non-compliance with RPAPL §§ 1303, 1304 and 1306, and to summarily dismiss the Verified Complaint as against her as untimely and due to the plaintiff's failure to satisfy various statutory conditions precedent. Plaintiff opposes the cross-motion (Seq. No. 02).

On August 6, 2007, defendant Moughal executed a $641,750.00 promissory note on behalf of plaintiff's predecessor secured by a mortgage against premises located at 186 East Rockaway Road, Hewlett, County of Nassau, State of New York. *See* NYSCEF Document Nos. 2 and 3. Following a default, an earlier foreclosure action was commenced (Nassau County Supreme Court Index Number 16099/2011). However, on December 6, 2016, the loan was modified, and, on December 28, 2016, the action was, therefore, discontinued. *See* NYSCEF Document No. 64. Thereafter, on December 1, 2019, defendant Moughal again defaulted, and, on March 18, 2024, plaintiff filed the instant action. *See* NYSCEF Document No. 1. Issue was joined on April 8, 2024, with the service of defendant Moughal's Verified Answer (inclusive of forty-seven (47) alleged affirmative defenses

[*2]

and two (2) purported counterclaims). *See* NYSCEF Document No. 24.

Plaintiff's Verified Reply to Counterclaims was interposed on April 15, 2024. *See* NYSCEF Document No. 28. Ultimately, after four (4) (June 6, 2024, July 9, 2024, September 13, 2024 and November 21, 2024) unsuccessful settlement conferences, the case was released from the Foreclosure Settlement Conference Part.

Contrary to defendant Moughal's contention, as a result of the loan's modification, and defendant Moughal's ratification of the debt through her subsequent partial repayment, this action is not untimely. *See 14 Film Corp. v. Mid-Island Mtge. Corp.*, 218 A.D.3d 525, 192 N.Y.S.3d 539 (2d Dept. 2023); *Athene Annuity & Life Co. v. Suggs*, 2024 N.Y. Misc. LEXIS 22951 (New York County Supreme Court 2024]; *Wells Fargo Bank, NA v. Grullon*, 2024 N.Y. Misc. LEXIS 5291 (Queens County Supreme Court 2024); *U.S. Bank, NA v. DiDato*, 2023 N.Y. Misc. LEXIS 19053 (Dutchess County Supreme Court 2023); *U.S. Bank Trust, NA v. Lipowiecki*, 2024 N.Y. Misc. LEXIS 5712 (Westchester County Supreme Court 2024).

Moreover, the January 23, 2025 and April 11, 2025 affidavits of plaintiff's representatives, Skyler Robinson and Joni Marks, premised upon their personal knowledge and accompanying documentary evidence, are sufficient to establish plaintiff's *prima facie* entitlement to judgment as a matter of law. *See U.S. Bank NA v. Warshaw*, 208 A.D.3d 919, 173 N.Y.S.3d 665 (2d Dept. 2022); *Bank of N.Y. Mellon Trust Co., N.A. v. Ahmed*, 204 A.D.3d 972, 165 N.Y.S.3d 330 (2d Dept. 2022). In opposition, defendant Moughal has failed to demonstrate the existence of a triable issue of fact.

There is no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to enforce it. *See U.S. Bank, N.A. v. Goichman*, 230 A.D.3d 1186, 218 N.Y.S.3d 438

[* 3]

(2d Dept. 2024). Since, moreover, physical delivery of the note prior to the commencement of the action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident, defendant Moughal's contention regarding the validity of the assignments likewise fails to raise a triable issue of fact. *See HSBC Bank USA, NA v. Thoppil*, 227 A.D.3d 1056, 212 N.Y.S.3d 422 (2d Dept. 2024).

Defendant Moughal's mere denial of receipt of plaintiff's RPAPL § 1304 notice also fails to raise a triable issue of fact (*see Wilmington Sav. Fund Socy. v. Theagene*, 201 A.D.3d 1015, 157 N.Y.S.3d 783 (2d Dept. 2022) and, in any event, plaintiff has established strict compliance with RPAPL §§ 1303-1306. *See U.S. Bank N.A. v. Sakizada*, 235 A.D.3d 800, 228 N.Y.S.3d 248 (2d Dept. 2025); *U.S. Bank N.A. v. Romano*, 231 A.D.3d 1079, 221 N.Y.S.3d 590 (2d Dept. 2024); *Bayview Loan Servicing, LLC v. Caracappa*, 202 A.D.3d 900, 159 N.Y.S.3d 691 (2d Dept. 2022); NYSCEF Document Nos. 7-9.

Therefore, based upon the above, plaintiff's motion (Seq. No. 01), pursuant to CPLR § 3212, for an order granting summary judgment against defendant Moughal and striking and dismissing defendant Moughal's affirmative defenses and counterclaims; and, pursuant to CPLR § 3215, for an order granting a default judgment against all non-appearing defendants; and, pursuant to RPAPL § 1321, for an order appointing a Referee to compute the total sums due and owing to plaintiff; and for an order amending the case caption, is hereby **GRANTED**.

4

Defendant Moughal's cross-motion (Seq. No. 02), pursuant to CPLR § 3212, for an order granting summary judgment dismissing plaintiff's Verified Complaint on the grounds of plaintiff's lack of standing and non-compliance with RPAPL §§ 1303, 1304 and 1306, and to summarily dismiss the Verified Complaint as against her as untimely and due to the plaintiff's failure to satisfy various statutory conditions precedent, is hereby **DENIED**.

Accordingly, the proposed order as annexed to the moving papers shall be forwarded this date to the Foreclosure Department of this Court, and, should it be found to be consistent with the terms of this and prior orders, it shall be executed upon completion of such review.

This constitutes the Decision and Order of this Court.

**ENTER:**

DENISE L. SHER, J.S.C.
**XXX**

Dated: Mineola, New York
      June 11, 2025

**ENTERED**

**Jun 16 2025**

NASSAU COUNTY
COUNTY CLERK'S OFFICE