AccessLex Inst. v Clunis (2025 NY Slip Op 04613)

AccessLex Inst. v Clunis

2025 NY Slip Op 04613

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2024-02907
 (Index No. 509504/22)

[*1]AccessLex Institute, etc., respondent, 
v
Jennaydra D. Clunis, appellant.

Jennaydra D. Clunis, Brooklyn, NY, appellant pro se.
Lacy Katzen LLP, Rochester, NY (Karl E. Kolkmann of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 23, 2023. The order granted the plaintiff's motion for summary judgment on the complaint.
ORDERED that the order is affirmed, with costs.
In March 2022, the plaintiff commenced this action against the defendant, asserting two causes of action to recover damages for breach of contract, predicated upon the defendant's default in the repayment of two student loans. In April 2022, the defendant interposed an answer, and in May 2023, the plaintiff moved for summary judgment on the complaint. In support of the motion, the plaintiff submitted, among other things, an affidavit of Christopher J. Mulvihill, the plaintiff's director of loan recovery and collections, and documents annexed thereto. The defendant opposed the motion. In an order dated October 23, 2023, the Supreme Court granted the plaintiff's motion. The defendant appeals.
Contrary to the defendant's contention, the plaintiff's motion should not have been denied on the ground that it was premature. "A grant of summary judgment is not premature merely because discovery has not been completed" (Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 518 [brackets and internal quotation marks omitted]; see Lamore v Panapoulos, 121 AD3d 863, 864). "'In order for a motion for summary judgment to be denied as premature, the opposing party must provide an evidentiary basis to suggest that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were in the exclusive knowledge and control of the moving party'" (Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d at 518, quoting Mogul v Baptiste, 161 AD3d 847, 848; see JRC Beverage, Inc. v K.P. Global, Inc., 223 AD3d 53, 68).
Here, the proffered need of the defendant to conduct discovery did not warrant denial of the plaintiff's motion, as "[t]he mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Keller-Wala v Coello, 224 AD3d 892, 894 [internal quotation marks omitted]; see JRC Beverage, Inc. v K.P. Global, Inc., 223 AD3d at 68; Merritt Constr., Inc. v Town of Kent, 164 AD3d 490, 492).
Further, contrary to the defendant's contention, Mulvihill laid a proper foundation for the admission of the documents that were annexed to his affidavit as business records, including records of the plaintiff's loan servicers and debt collectors, which he stated were relied upon by the plaintiff and incorporated into its own business records, subject to extensive quality control procedures that were part of the plaintiff's regular course of business and with which Mulvihill was personally familiar (see CPLR 4518[a]; U.S. Bank N.A. v Haber, 230 AD3d 530, 533; Deutsche Bank Natl. Trust Co. v Szabo, 217 AD3d 837, 838).
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint.
LASALLE, P.J., CHAMBERS, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court