Wells Fargo Bank, N.A. v Pinnock (2021 NY Slip Op 04732)





Wells Fargo Bank, N.A. v Pinnock


2021 NY Slip Op 04732


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-02894
 (Index No. 13231/12)

[*1]Wells Fargo Bank, N.A., respondent,
v
Vivienne Pinnock, appellant, et al., defendants.


Michael Kennedy Karlson, New York, NY, for appellant.
Reed Smith, LLP, New York, NY (Andrew B. Messite and Kerren B. Zinner of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Vivienne Pinnock appeals from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated January 3, 2018. The judgment of foreclosure and sale, upon two orders of the same court, both dated March 1, 2017, both granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to dismiss that defendant's affirmative defenses and counterclaims, and for an order of reference, and an order of the same court dated January 3, 2018, granting the plaintiff's motion to confirm the referee's report and for leave to enter a judgment of foreclosure and sale, inter alia, directed the sale of the subject premises.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
On November 13, 2007, the defendant Vivienne Pinnock (hereinafter the defendant) and the defendant Idolin Pinnock executed a note in the amount of $312,250 in favor of the plaintiff's predecessor in interest. The note was secured by a mortgage on certain real property located in Wyandanch.
In 2012, the plaintiff commenced this action to foreclose the mortgage. After issue was joined, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to dismiss her affirmative defenses and counterclaims, and for an order of reference. In support of the motion, the plaintiff submitted an affidavit from one of its employees who averred that the plaintiff had complied with the notice provisions of RPAPL 1304. The plaintiff also submitted copies of the notices sent by certified and first-class mail. The defendant opposed the motion, arguing, among other things, that the plaintiff had failed to produce certified mail records to prove compliance with RPAPL 1304. In reply, the plaintiff submitted the affidavit of Kimberly Ann Mueggenberg, a vice president of loan documentation for the plaintiff, who stated that she was familiar with the plaintiff's records and record-keeping practices. Mueggenberg stated that the plaintiff's "regular practice in 2011 was to generate and mail such notices to defaulted borrowers," and that this practice was complied with in this case. Mueggenberg further stated that "[i]n 2011, it was also [the plaintiff's] regular practice to utilize TrackRight to memorialize the mailing of notices to defaulted borrowers."
In two orders, both dated March 1, 2017, the Supreme Court, inter alia, granted those [*2]branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to dismiss her affirmative defenses and counterclaims, and for an order of reference. Thereafter, the plaintiff moved to confirm the referee's report and for leave to enter a judgment of foreclosure and sale. In support of the motion, the plaintiff submitted the affidavit of Tamara K. Harkey, another vice president of loan documentation for the plaintiff, who stated that she was familiar with the plaintiff's records and record-keeping practices, and attached to her affidavit the records regarding the amount due to the plaintiff. Harkey stated that the total amount due to the plaintiff was $487,056.57. The plaintiff further submitted the referee's report, which, in reliance upon Harkey's affidavit and evidence, stated that the total amount due to the plaintiff was $487,056.57. In an order dated January 3, 2018, the court granted the plaintiff's motion. In a judgment of foreclosure and sale on the same date, the court, among other things, directed the sale of the subject premises. The defendant appeals.
The plaintiff's compliance with RPAPL 1304 was established by the submission of copies of the notices with tracking numbers, and proof of a standard office mailing procedure by the plaintiff which was adhered to in this case (see Deutsche Bank Natl. Trust Co. v Ezeji, 194 AD3d 909, 911-912). The defendant's contention that the plaintiff relied on a third party to mail the notices is improperly raised for the first time on appeal, and in any case is not supported by the record.
Contrary to the defendant's contention, the Supreme Court properly granted that branch of the plaintiff's motion which was to confirm the referee's report, as the referee's findings are supported by the record (see PNMAC Mtge Co., LLC v Friedman, 189 AD3d 1289, 1292).
The defendant's remaining contentions are without merit.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court