Homebridge Fin. Servs., Inc. v Mauras (2022 NY Slip Op 00406)





Homebridge Fin. Servs., Inc. v Mauras


2022 NY Slip Op 00406


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LARA J. GENOVESI, JJ.


2019-02450 
2019-02454
 (Index No. 705457/16)

[*1]Homebridge Financial Services, Inc., respondent,
v
Carmen Mauras, et al., defendants, Iris Rubio, appellant.


Schlissel DeCorpo, LLP, Lynbrook, NY (Michael J. Ciaravino of counsel), for appellant.
Houser LLP, New York, NY (Ronald James R. De La Fuente, Kathleen M. Massimo, and Jordan Schur of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Iris Rubio appeals from two orders of the Supreme Court, Queens County (Thomas D. Raffaele, J.), both entered January 2, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Iris Rubio, to strike that defendant's answer, and for an order of reference. The second order, insofar as appealed from, granted the same relief and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In July 2010, the defendant Iris Rubio (hereinafter the defendant) executed a note in the amount of $640,376 in favor of MLD Mortgage, Inc. (hereinafter MLD). The note was secured by a mortgage on certain real property in Astoria. The defendant allegedly defaulted under the terms of the loan by failing to make the payment of principal and interest due on March 1, 2011.
In May 2016, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer in which she asserted several affirmative defenses, including that the plaintiff lacked standing and failed to comply with RPAPL 1304. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. In order entered January 2, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. In a second order entered January 2, 2019, the court granted the same relief and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient [*2]to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828).
Here, the plaintiff established, prima facie, its standing to commence the action by submitting a copy of the complaint, to which it had annexed a copy of the note bearing a specific endorsement from the attorney-in-fact for MLD, the original lender, to Real Estate Mortgage Network, Inc. (hereinafter REMN). The plaintiff also submitted a certificate of amendment to the certificate of incorporation of REMN memorializing the change of its name to that of the plaintiff, Homebridge Financial Services, Inc., effective February 3, 2014. In opposition, the defendant failed to raise a triable issue of fact.
Additionally, contrary to the defendant's contention, the plaintiff demonstrated, prima facie, its compliance with RPAPL 1304. Proper service of an RPAPL 1304 notice containing the statutorily mandated content is a condition precedent to the commencement of a foreclosure action (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103). The statute requires that such notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). "Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17). "There is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (Citigroup v Kopelowitz, 147 AD3d 1014, 1015; see U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759).
Here, the plaintiff established, prima facie, its compliance with RPAPL 1304 by submitting affidavits of Diane Constantine, an assistant secretary for Cenlar FSB (hereinafter Cenlar), the subservicer for the plaintiff, who averred that she was familiar with Cenlar's mailing practices and procedures, and described a standard office mailing procedure designed to ensure that items are properly addressed and mailed (see Wells Fargo Bank, N.A. v Pinnock, 197 AD3d 680; Citimortgage, Inc. v Banks, 155 AD3d 936; see also Wells Fargo Bank, N.A. v Benitez, 194 AD3d 986, 988). The plaintiff also submitted a copy of a letter log from Cenlar, which Constantine averred was a contemporaneous record that demonstrated that the RPAPL 1304 notices had been mailed, and a copy of the notice with a tracking number (see U.S. Bank N.A. v Pickering-Robinson, 197 AD3d at 760; Wells Fargo Bank, N.A. v Pinnock,197 AD3d 680; Citimortgage, Inc. v Ustick, 188 AD3d 793, 795). In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
CONNOLLY, J.P., HINDS-RADIX, MILLER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court