HSBC Bank USA, N.A. v Trincilla (2022 NY Slip Op 00853)





HSBC Bank USA, N.A. v Trincilla


2022 NY Slip Op 00853


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-01066
2019-01067
 (Index No. 20111/13)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Lisa Trincilla, et al., defendants, Dominick Valoroso, appellant.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Goodwin Procter LLP, New York, NY (Allison J. Schoenthal and Richard A. Sillett of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Dominick Valoroso appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated November 29, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Dominick Valoroso, to strike that defendant's answer and dismiss his affirmative defenses and counterclaims, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Dominick Valoroso (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain residential property in Brooklyn. After the defendant joined issue, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and dismiss his affirmative defenses and counterclaims, and for an order of reference. The defendant opposed the motion, arguing that the plaintiff failed to establish its strict compliance with RPAPL 1304 and the notice of default provisions of the mortgage. By order dated November 29, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and dismiss his affirmative defenses and counterclaims, and for an order of reference. In a second order dated November 29, 2018, the court, inter alia, granted the same relief to the plaintiff and appointed a referee to ascertain and compute the amount due to the plaintiff. The defendant appeals.
Proper service of a RPAPL 1304 notice containing the statutorily mandated content is a condition precedent to the commencement of a foreclosure action (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103). The statute requires that such notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). "Proof of the requisite mailing is established with proof of the actual mailings, such as [*2]affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17).
Additionally, paragraphs 15 and 22 of the mortgage at issue here collectively require service of a notice of default upon the borrower, by first-class mail or by actual delivery, to the address of the mortgaged property, or to a different notice address specified by the borrower, as a condition precedent to acceleration of the loan.
Here, contrary to the defendant's contention, the plaintiff established, prima facie, its compliance with RPAPL 1304 and the notice of default provisions of the mortgage by submitting the affidavit of a representative of its loan servicer, who attested to a standard office mailing procedure designed to ensure that items were properly addressed and mailed (see Citimortgage, Inc. v Banks, 155 AD3d 936). In opposition, the defendant's mere denial of receipt of the subject notices was insufficient to raise a triable issue of fact (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 23).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and dismiss his affirmative defenses and counterclaims, and for an order of reference.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court