U.S. Bank NA v Warshaw (2022 NY Slip Op 05108)

U.S. Bank NA v Warshaw

2022 NY Slip Op 05108

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2019-09347
2020-01242
 (Index No. 613641/17)

[*1]U.S. Bank NA, etc., respondent,
v
Miriam Warshaw, et al., appellants, et al., defendants.

Auciello Law Group, P.C. (Anthony J. Auciello and Chirico Law, PLLC, Brooklyn, NY [Vincent Chirico], of counsel), for appellants.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Geraldine A. Cheverko of counsel), for respondent.
In an action to foreclose a mortgage, the defendants Miriam Warshaw and Howard Warshaw appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 15, 2019, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered January 23, 2020. The order entered March 15, 2019, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Miriam Warshaw and Howard Warshaw and for an order of reference. The order and judgment of foreclosure and sale, among other things, confirmed the referee's report and directed the sale of the subject property.

DECISION & ORDER
Motion by the respondent, inter alia, to dismiss the appeal from the order entered March 15, 2019, on the ground that the right of direct appeal therefrom terminated upon the entry of the order and judgment of foreclosure and sale in the action. By decision and order on motion of this Court dated June 3, 2020, the branch of the motion which is to dismiss the appeal from the order entered March 15, 2019, was held in abeyance and referred to the panel of Justices hearing the appeals from the order entered March 15, 2019, and the order and judgment of foreclosure and sale for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is to dismiss the appeal from the order entered March 15, 2019, is granted; and it is further,
ORDERED that the appeal from the order entered March 15, 2019, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order entered March 15, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Bank of N.Y. Mellon v Viola, 181 AD3d 767, 768). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d 241, 248).
On January 26, 2007, Miriam Warshaw (hereinafter Miriam) executed a note in sum of $248,064.42 in favor of Washington Mutual Bank, FA (hereinafter Washington Mutual). The note was secured by a mortgage on residential property in Roslyn (hereinafter the premises), which was executed by Miriam and by Howard Warshaw (hereinafter together the defendants). At the same time, the defendants executed a consolidation, extension, and modification agreement (hereinafter the CEMA), pursuant to which the note and mortgage executed that day and certain prior notes and mortgages were consolidated to form a single lien in the sum of $975,000. Miriam executed a consolidated note in the sum of $975,000, and the defendants executed a consolidated mortgage on the premises. By assignment of mortgage dated December 3, 2009, Washington Mutual assigned the mortgage to Bank of America, National Association, as "successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2007-HY3 Trust."
On June 22, 2015, Miriam entered into a loan modification agreement pursuant to which the loan was modified to, among other things, provide for a new principal balance on the consolidated note in the sum of $1,476,773.44. The defendants allegedly defaulted on their obligations under the modified note and mortgage by failing to make the monthly payments due on September 1, 2015, and thereafter.
On December 15, 2017, U.S. Bank NA, as "successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-HY3" (hereinafter the plaintiff), commenced this action against the defendants, among others, to foreclose the modified mortgage. The defendants interposed an answer dated January 28, 2018, in which they asserted various affirmative defenses, including lack of standing. In December 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the motion. In an order entered March 15, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. Thereafter, the court issued an order and judgment of foreclosure and sale, among other things, confirming the referee's report and directing the sale of the premises. The defendants appeal.
The plaintiff established, prima facie, that it sent the defendants a notice of default as required by paragraph 22 and, relatedly, paragraph 15 of the mortgage (see MLB Sub I, LLC v Mathew, 202 AD3d 1078). In support of its motion, the plaintiff submitted the affidavit of Cynthia May, an officer of Select Portfolio Servicing, Inc. (hereinafter SPS), the plaintiff's servicing agent and attorney-in-fact, to which was attached a notice of default from SPS dated January 5, 2016, addressed to Miriam. In her affidavit, May stated that she was personally familiar with SPS's standard mailing practices and procedures and described those procedures. She further stated that the notice, which was dated January 5, 2016, was sent to Miriam by first class mail "on that date." Since May attested to personal knowledge of SPS's mailing practices and procedures and described the procedures, her affidavit, along with the copy of the notice, was sufficient to establish that the notice was sent to Miriam in the manner required by the mortgage (see Citimortgage, Inc. v Goldberg, 197 AD3d 616, 618; HSBC USA, N.A. v Nelson, 190 AD3d 842, 843; PennyMac Corp. v Arora, 184 AD3d 652, 655-656; cf. U.S. Bank N.A. v Campbell, 202 AD3d 1137). Moreover, contrary to the defendants' contention, the notice complied with the provision of paragraph 22 of the mortgage requiring that the borrower be given at least 30 days from the date on which the notice is given to cure his or her default, as the notice set forth a cure date of February 4, 2016, which was 30 days from January 5, 2016, the date the notice was mailed. In opposition, the defendants' mere [*2]denial of receipt of the notice was insufficient to raise a triable issue of fact (see HSBC Bank USA, N.A. v Trincilla, 202 AD3d 766).
The plaintiff also established, prima facie, its strict compliance with RPAPL 1304. The plaintiff demonstrated that it mailed RPAPL 1304 notices to the defendants at the premises by both certified and first-class mail by submitting, in addition to May's affidavit, an affidavit of mailing from Sherry Benight, also an officer of SPS, and copies of 90-day notices addressed to the defendants. Like May, Benight attested to knowledge of SPS's mailing practices and procedures, and described a standard office mailing procedure designed to ensure that items are properly addressed and mailed (see U.S. Bank N.A. v Cox, 203 AD3d 1206; Homebridge Fin. Servs., Inc. v Mauras, 201 AD3d 890, 891; Wells Fargo Bank, N.A. v Pinnock, 197 AD3d 680, 682). In opposition, the defendants failed to raise a triable issue of fact.
Moreover, the plaintiff established, prima facie, that it had standing to commence the action by attaching to the summons and complaint copies of the consolidated note dated January 26, 2007, endorsed in blank, along with a copy of the CEMA (see Deutsche Bank Natl. Trust Co. v Goldstone, 197 AD3d 1148, 1149; Wells Fargo Bank, N.A. v Dupass, 180 AD3d 846, 847). In opposition, the defendants failed to raise a triable issue of fact.
The defendants' remaining contentions are either without merit or improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
BARROS, J.P., IANNACCI, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court