PNC Bank, N.A. v Mone (2024 NY Slip Op 05120)

PNC Bank, N.A. v Mone

2024 NY Slip Op 05120

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-04634
 (Index No. 63142/14)

[*1]PNC Bank, National Association, respondent,
v
James F. Mone, etc., appellant, et al., defendants.

John J. Caracciolo, East Northport, NY, for appellant.
McGlinchey Stafford, PLLC, New York, NY (Mikelle V. Bliss of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant James F. Mone appeals from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), entered April 8, 2022. The judgment of foreclosure and sale, upon an order of the same court (C. Randall Hinrichs, J.), entered August 21, 2018, granting the plaintiff's renewed motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant, among other things, directed the sale of the real property at issue.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this action against the defendant James F. Mone (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Riverhead (hereinafter the property).
The plaintiff renewed a motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, which previously had been denied with leave to renew. The defendant opposed. By order entered August 21, 2018, the Supreme Court granted the plaintiff's motion. By a judgment of foreclosure and sale entered April 8, 2022, the court, among other things, directed the sale of the property. The defendant appeals.
RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see id. § 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action (see U.S. Bank N.A. v Jeffrey, 222 AD3d 802, 804; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103). "Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Homebridge Fin. Servs., Inc. v Mauras, 201 AD3d 890, 891 [internal [*2]quotation marks omitted]). "There is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (id. [internal quotation marks omitted]).
In support of its renewed motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, the plaintiff submitted an affidavit of an "[a]uthorized [s]igner" of the plaintiff, who averred that she was personally familiar with the mailing practices of the plaintiff. The affiant described those mailing practices and averred that, in reviewing the plaintiff's business records, the RPAPL 1304 notices were properly addressed and sent in accordance with the plaintiff's standard mailing procedures via regular and certified mail. The affiant annexed to her affidavit a copy of the 90-day notices and the business records upon which she relied. Thus, the plaintiff established, prima facie, that it complied with RPAPL 1304 (see Hudson City Sav. Bank v Ellia, 210 AD3d 750, 752; Homebridge Fin. Servs., Inc. v Mauras, 201 AD3d at 891). Contrary to the defendant's contention, the inclusion of additional information with the notices required by RPAPL 1304 did not violate the requirement that the RPAPL 1304 notices be sent "in a separate envelope from any other mailing or notice" (id. § 1304[2]), as the additional information consisted of "accurate statements that further the underlying statutory purpose of providing information to borrowers that is or may become relevant to avoiding foreclosure" (Bank of Am., N.A. v Kessler, 39 NY3d 317, 326; see U.S. Bank N.A. v Jeffrey, 222 AD3d at 804). In opposition, the defendant failed to raise a triable issue of fact.
"RPAPL 1303 requires the foreclosing party to deliver, along with the summons and complaint, a notice titled 'Help for Homeowners in Foreclosure' in residential foreclosure actions involving owner-occupied, one-to-four family dwellings. The statute mandates that the notice include specific language relating to the summons and complaint, sources of information and assistance, rights and obligations, and foreclosure rescue scams. It also mandates that the notice be in bold, 14-point type and printed on colored paper that is other than the color of the summons and complaint, and that the title of the notice be in bold, 20-point type" (US Bank N.A. v Bamba, 189 AD3d 1116, 1116-1117 [internal quotation marks omitted]). Proper service of an RPAPL 1303 notice is a condition precedent to commencing a foreclosure action, and the "foreclosing party has the burden of showing compliance therewith" (OneWest Bank, FSB v Cook, 204 AD3d 1025, 1026 [internal quotation marks omitted]).
Contrary to the defendant's contention, the plaintiff demonstrated, prima facie, its compliance with RPAPL 1303 by submitting an affidavit of service in which the process server attested that he served the defendant with the summons and complaint and notice of pendency, along with a notice printed on colored paper that was other than the color of the summons and complaint and in the required typeface (see U.S. Bank N.A. v Lloyd-Lewis, 205 AD3d 838, 839; CitiMortgage, Inc. v Goldberg, 197 AD3d 616, 619). In opposition, the defendant failed to raise a triable issue of fact.
The parties' remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court