Deutsche Bank Trust Co. Ams. v Tagor (2025 NY Slip Op 03040)

Deutsche Bank Trust Co. Ams. v Tagor

2025 NY Slip Op 03040

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-07898
 (Index No. 707565/15)

[*1]Deutsche Bank Trust Company Americas, etc., respondent, 
v
Mohammad Tagor, appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (James Tierney and Steven Amshen of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Adam D. Weiss of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mohammad Tagor appeals from an order of the Supreme Court, Queens County (Lance P. Evans, J.), dated May 24, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mohammad Tagor, to strike that defendant's answer, and for an order of reference, and, in effect, denied that defendant's cross-motion pursuant to CPLR 3025 for leave to amend his answer to assert affirmative defenses alleging that the plaintiff failed to comply with RPAPL 1304 and the notice of default provisions of the mortgage agreement.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mohammad Tagor, to strike that defendant's answer, and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In July 2015, the plaintiff commenced this action against the defendant Mohammad Tagor (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Floral Park. The defendant interposed an answer asserting various affirmative defenses. In December 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant opposed the motion, arguing, among other things, that the plaintiff failed to comply with RPAPL 1304 and the notice of default provisions of the mortgage agreement, and cross-moved pursuant to CPLR 3025 for leave to amend his answer to assert those affirmative defenses. In an order dated May 24, 2023, the Supreme Court granted those branches of the plaintiff's motion and, in effect, denied the defendant's cross-motion. The defendant appeals.
"Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, [*2]172 AD3d 17, 20; see U.S. Bank N.A. v Valencia, 219 AD3d 890, 892). "RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower" (Bank of N.Y. Mellon v Stewart, 216 AD3d 720, 723; see RPAPL 1304[2]). "'A plaintiff demonstrates its compliance with the statute by proof of the requisite mailing, which can be established [by] proof of the actual mailings . . . or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v Nahum, 232 AD3d 715, 716 [internal quotation marks omitted], quoting U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759; see CIT Bank N.A. v Schiffman, 36 NY3d 550, 556). Paragraphs 15 and 22 of the mortgage agreement additionally required service of a notice of default upon the defendant, by first-class mail or by actual delivery, to the address of the mortgaged property or to different address specified by the defendant as a condition precedent to acceleration of the loan.
Here, the plaintiff established, prima facie, its strict compliance with RPAPL 1304 and the notice of default provisions of the mortgage agreement by proof of actual mailing of the RPAPL 1304 notices and the notice of default (see U.S. Bank N.A. v Romano, 231 AD3d 1079, 1081-1082; U.S. Bank NA v Warshaw, 208 AD3d 919, 921). In support of its motion, the plaintiff submitted, inter alia, a copy of the 90-day notices and envelopes that were sent to the defendant containing 10- and 20-digit United Sates Postal Service (hereinafter USPS) certified and first-class mail tracking numbers, as well as a transaction report from Walz Group, LLC (hereinafter Walz), the company that performed the mailings. The transaction report listed the certified and first-class mailings that were made and included the certified and first-class tracking numbers matching those appearing on the notices that were sent to the defendant, as well as the date of mailing, the postage fees paid, and the reported USPS status. The plaintiff also submitted an affidavit of Christy Vieau, a document execution associate for the plaintiff's servicing agent, in which Vieau averred, among other things, that the transaction report had been "integrated" into the servicer's business records and routinely relied upon by the servicer in its business (see U.S. Bank N.A. v Romano, 231 AD3d at 1081-1082; U.S. Bank N.A. v Maher, 219 AD3d 1372, 1375). Given the plaintiff's prima facie proof of the actual mailing, "the plaintiff was not required to submit proof of [Walz's] standard office mailing procedures, sworn to by someone with personal knowledge of those procedures" (U.S. Bank N.A. v Romano, 231 AD3d at 1082). In opposition, the defendant failed to raise a triable issue of fact (see U.S. Bank NA v Warshaw, 208 AD3d at 921; Deutsche Bank Natl. Trust Co. v Mangi, 222 AD3d 942, 945).
Moreover, the Supreme Court, in effect, properly denied the defendant's cross-motion pursuant to CPLR 3025 for leave to amend his answer to assert affirmative defenses that the plaintiff failed to comply with RPAPL 1304 and the notice of default provisions of the mortgage agreement, as the proposed amendments were patently devoid of merit (see Bank of Am., N.A. v Anderson, 216 AD3d 890, 891-892).
However, the plaintiff failed to establish, prima facie, the defendant's default in payment of the mortgage loan. "Among other things, a plaintiff can establish a default by submission of an affidavit from a person having personal knowledge of the facts, or other evidence in admissible form" (U.S. Bank Trust, N.A. v Smith, 217 AD3d 899, 900; see BNH Milf, LLC v Milford St. Props., LLC, 192 AD3d 961, 962; US Bank N.A. v Hunte, 176 AD3d 894, 896). Here, the affidavit of Trey Cook, a document execution specialist for the plaintiff's servicing agent, failed to provide proof of the defendant's default in payment of the note in admissible form. Although Cook averred that he had personal knowledge of how the servicing agent's business records were kept and maintained and that, based on his review of those business records, the defendant "failed to make the payment that was due for July 1, 2014 under the Loan Documents and . . . failed to make subsequent payments to bring the loan current," the business records on which Cook relied were not annexed to his affidavit. Thus, Cook's assertions regarding the defendant's alleged default constituted inadmissible hearsay (see U.S. Bank N.A. v Medina, 230 AD3d 1371, 1376; Deutsche Bank Natl. Trust Co. v Pirozzi, 230 AD3d 736, 737-738; U.S. Bank Trust, N.A. v Smith, 217 AD3d at 900; MTGLQ Invs., L.P. v Rashid, 213 AD3d 839, 840). Contrary to the plaintiff's contention, the 90-day notices and notices of default otherwise submitted in support of its motion were insufficient to establish the defendant's alleged default in payment (see Wilmington Sav. Fund Socy., [*3]FSB v E39 St., LLC, 230 AD3d 1191, 1192; Bank of N.Y. Mellon v Mannino, 209 AD3d 707, 708-709; U.S. Bank N.A. v Rowe, 194 AD3d 978, 980).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference.
CONNOLLY, J.P., GENOVESI, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court